UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN YULIEL E.T.,[1]<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, et al.,<br><br>Respondents. | No. 1:26-cv-06690-TLN-SCR<br><br>A# 240-547-772<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, the petition is GRANTED. Respondents shall IMMEDIATELY RELEASE Petitioner.

///

///

///

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission on March 1, 2024. (ECF No. 1 at 5.) Petitioner encountered immigration authorities shortly upon entry and was released on recognizance. (*Id.*; ECF No. 8-1 at 2.) On November 26, 2025, Petitioner was arrested by local police in Florida while living in the interior of the country, and was transferred to the custody of federal immigration authorities two days later. (*Id.*; ECF No. 8-2 at 2.) He was subsequently transferred to the Golden State Annex. (ECF No. 1 at 7.) Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community.[2] (*Id.* at 5.)

Petitioner claims his civil immigration detention violates the Fifth Amendment Due Process Clause. (*Id.* at 17.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("1225(b)(2)"). (ECF No. 8.)

The Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause when he was released on recognizance and allowed to live freely pending resolution of his immigration proceedings prior to his current detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

---

[2] Petitioner describes attending two "court hearings" while in Florida, however it appears Petitioner is referring to proceedings in his asylum claim. (ECF No. 1 at 6.) He does not state, and Respondents' records do not reflect, that he ever received a hearing permitting him to challenge his detention. (*See generally* ECF Nos. 1, 8.)

Respondents' argument as to the applicability of § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention is justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violates the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. The Motion to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

3. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

4. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

5. Respondents must IMMEDIATELY RELEASE Petitioner Ivan Yuliel E.T. (A# 240-547-772) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

6. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at

future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

7. **The Clerk of Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

8. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: August 27, 2026

Troy L. Nunley
Chief United States District Judge